**Carlton BARNES, Appellant,**

**v.**

**CLAYTON HOUSE MOTEL, Appellee.**

**No. 4774.**

Court of Civil Appeals of Texas.

Waco.

Dec. 12, 1968.

Bill Stephens, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, John Marks, Jr., Dallas, for appellee.

OPINION

WILSON, Justice.

Summary judgment for defendant was rendered in plaintiff's libel action. Defendant's sole contention concerns the question of whether there was a publication of the asserted libelous letter.

The undisputed facts are as follows: Defendant operates a motel. An unknown person registered under the name of Burne, giving a fictitious address and falsely stating his automobile license number to be that of a vehicle registered in plaintiff's

name. This guest left the motel without paying his bill. Motel property was missing from his room.

Defendant's manager traced the automobile registration and wrote a letter on the bottom of an itemized statement addressed to plaintiff at his residence. It stated in effect that plaintiff had registered under the name of Burne, had left without making payment, and had "accidentally packed" listed items of motel property with his own belongings. The letter requested restitution, or suggested plaintiff "contact a lawyer."

The letter was sent as certified mail with return receipt requested. It was received by the maid at plaintiff's residence, who signed the receipt but did not open the letter. The maid delivered the letter to plaintiff's wife, who opened and read it. The wife showed it to the maid and called her husband, who read it. No other person saw the letter.

Defendant's manager did not know plaintiff, and did not know he was married. Plaintiff and his wife had been married more than 20 years. She frequently opened mail addressed to him. The manager testified: "Q. Did you not know that someone other than Mr. Barnes might receive it? A. Yes, but it was certified to him personally. Q. Why did you not send it to the addressee only? A. No particular reason. Q. Did you not in fact intend for Mr. Barnes' wife to see the letter? A. It was addressed to him personally. Q. You recognized that she might have seen it, did you not? A. Yes. Q. What was the purpose for this? Does this sometimes produce collections that otherwise would not be forthcoming? A. Yes. But if it is addressed certified to a party, my chances for collection are better." And again, "Q. When you mailed the letter who did you intend to receive it? A. Mr. Barnes. Q. Did you intend for anyone else to receive it? A. No. Q. Did you intend, expect or suspect that anyone else would read it? A. No."

The applicable principle of the law of libel, uniformly recognized, is relatively simple of statement: If one sends a libelous statement through the mails, addressed to the person defamed, with the expectation or intention that it will be read by another person as a matter of course, and such other person so reads it, there is a publication; but where the sender is "not reasonably chargeable with knowledge that a third person might 'intercept' and read the libelous matter before it reached the person allegedly defamed," there is no publication. 92 A.L.R.2d, Sec. 5(a) and (b), pp. 227, 229; Harper & James, Torts (1956), Sec. 5:15; Prosser, Torts (1941), Sec. 93, p. 814; Cooley, Torts (4th ed.), Sec. 137, p. 453; Newell, Slander and Libel (3d ed.), Sec. 249, p. 28; 33 Am.Jur., Libel and Slander, Sec. 92, p. 105; 53 C.J.S. Libel and Slander § 82, pp. 134, 135.

The evidence shows that the sender considered it possible that some third person might intercept and read the letter; that some person other than the addressee "might receive" it. This falls far short of a showing he was reasonably chargeable with appreciation or knowledge of likelihood that it would be opened and read by another. It is not sufficient, to constitute publication, that there is a mere conceivable possibility or chance of such eventuality. That chance may nearly always exist when a letter is transmitted through the mails.

Here the sender did not know plaintiff. The sender did not know he was married. There is simply no evidence to show reasonable grounds to anticipate the reading by a third person so as to constitute a publication. Cases relied on by plaintiff rest on special circumstances, as where it is known the letter must be translated, or where the addressee is blind, or where the sender knows of the habit or custom of a third person to open and read the mail. These cases must be distinguished on the facts.

The judgment is affirmed.