292 So.2d 427 (1974)
Avery L. TYLER, Appellant,
v.
Thurston GARRIS, Appellee.
No. 72-609.
District Court of Appeal of Florida, Fourth District.
April 5, 1974.
*428 Burton E. Burdick of Burdick & Donahoe, Fort Lauderdale, for appellant.
Robert J. O'Toole, Fort Lauderdale, for appellee.
WALDEN, Judge.
The trial court directed a verdict during the course of a jury trial against the counter-claimant, Avery L. Tyler, in a libel suit against Thurston Garris. We reverse and remand with directions that the libel claimant be granted a new trial.
The libel counter claim had been earlier deemed to state a cause of action based on a letter written by Garris to the Miami Herald[1] which stated that Tyler had sold *429 Garris a stolen boat and that Mr. Tyler operated an unscrupulous firm which had by reason of the transaction wrongfully deprived him of the sum of $750. There is no question from the proofs but that Garris wrote the letter, transmitted it to the Miami Herald and that same was duly published to various individuals.
We simply can not, from the trial colloquy, understand the basis for the trial court decision, that is to say its concept of the deficiencies in the proofs adduced. Neither, with respect, are we able to determine same from Garris' appellate presentation. The best we can glean from Garris' position is that Tyler failed to establish that the letter was communicated to Tyler. Clearly this is not a condition to a libel action as the only requirement is that the defamatory matter must have been communicated to some third person in order for same to be actionable. See Gelhaus v. Eastern Air Lines, 194 F.2d 774 (5th Cir.1952); Fiore v. Rogero, 144 So.2d 99 (2d D.C.A. Fla. 1962); 20 Fla.Jur. Libel and Slander §§ 45 and 50. It is further suggested that Tyler's case is based upon subsequent articles printed in Action Line in the Miami Herald. Our survey reveals that this is incorrect because the gravamen of the suit rests upon the transmittal of the letter, not the resulting articles. This is reflected when you consider that the Miami Herald was not made a defendant to this claim.
Without laboring the matter further and engaging in a strawman procedure, we simply opine that the libel case was sufficiently established to escape the fate of a directed verdict.
Appellant's Point 2 is without merit. Thus we affirm the directed verdict which found Tyler liable to Garris for damages in the sum of $750.00 on the main complaint.
We affirm in part and reverse in part and remand for proceedings consistent herewith.
Affirmed in part and reversed in part and remanded.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] "Gentlemen:

"I am a daily reader of your column and admire the efficient manner in which your fine staff seems to make the impossible, possible for an average individual like myself. My own efforts to recover money rightfully due me, have been to no avail, so I am hoping you will see fit to give my problem your attention.
"On September 4, 1970, I purchased 16 foot Ski-boat from Mr. Tim Tyler, the owner of Ravenswood Marina, 4470 Ravenswood Road, Ft. Lauderdale, Florida, for $750.00 cash, having given Mr. Tyler a $50.00 deposit the day before. Mr. Tyler said the craft was a 1970 DOZE and that he had acquired it from a Massachusetts owner. He gave me a bill of sale which indicated that he was the sole owner and that the boat was free of any liens or other encumbrances.
"Following this transaction, I went to the Broward County Court House, to the Boat Registrations Department and presented my bill of sale and applied for a Title and Florida Boat Registration. My bill of sale was mailed to Tallahassee and in turn I received a Certificate of Title and Florida Boat Registration papers and numbers for the boat. I then invested $1,578.00 in the purchase of a motor and a top for the boat.
"About two weeks later, Officer Charles Peterson, of the Ft. Lauderdale Harbor Patrol, while on a routine cruise of Middle River, observed the boat at my dock and advised me that it was a stolen craft and the rightful owner was Mr. James Joss, 21100 Diana Drive, Hallandale, Florida, and that the Hallandale Police Department had been notified by Mr. Joss, of the loss, several months prior to my purchase of the boat from Mr. Tyler. Officer Peterson then contacted Detective Phil Tranfa of the Hallandale Police Department to advise of the recovery of the boat. I also spoke with Dect. P. Tranfa at that time and he informed me that Mr. Tyler and a Florida Conservation Officer had found the boat in a canal. He further stated that the owner could have been identified at that time, by means of one phone call to the Florida Boat Registrations Department, but that same had not been done, nor had his department been notified at that particular time. He gave me permission to keep the boat in my custody pending further investigation.
"A few days later, I was contacted by Mr. R.G. Zinckgraf, of The Travelers Insurance Company's Claims Office, at 2455 E. Sunrise Boulevard, Ft. Lauderdale, who advised me that his company was the present rightful owner of the boat now in my possession, as they had reimbursed the former owner, Mr. James Joss for his loss. He said his company would be willing to sell me that boat for $650.00 if I wished to purchase it from them. I agreed to purchase the boat for the price asked by Mr. Zinckgraf, and the sale was negotiated by certified check, payable to The Travelers Insurance Company for $650.00. Mr. Zinckgraf gave me a bill of sale which described the boat as a 1969 NOGUE. The original bill of sale was sent to Tallahassee and I was sent Title for same. It would seem that I now hold title to one non-existant craft (the 1970 Doze) and also title to the true craft of which I am now the legal owner.
"Having purchased this boat from Mr. Tyler of Ravenswood Marina, I contacted him personally and asked for the return of my $750.00. He flatly refused to refund my money. I tried to reason with him, indicating that the craft was not legally his to sell, that he had made no investment in the boat, that I had purchased it from him in good faith, believing him to be the true owner and then had to re-purchase it from the insurance company a second time, in order to protect my $1,578.00 investment in the motor and top, however nothing I could say would change his mind. Further, I have recontacted him in person and also by telephone many, many times in the past two months in regard to refund of my $750.00. On the last occasion during which I spoke to him, he told me to contact his Attorney, Burton E. Burdick Suite 507, Medical Towers Building, 303 S.E. 17th Street, Ft. Lauderdale, Florida (525-6643), which I did. He advised he would speak to Mr. Tyler regarding the return of my $750.00, but when I talked with him again a few days later, he informed me that he was unable to pursude Mr. Tyler to refund my money. (Several words apparently blacked out.) a legitimate case and advised me to engage an attorney and sue Mr. Tyler for the sum of $750.00.
"I go to business every day, as does my wife and we do not have the extra money to hire an attorney to take this man into court. I feel that such an unscrupulous firm such as Mr. Tyler operates, should not be allowed to take advantage of the unknowing public as he has done in this instance and trust Action Line will be in a position to bring pressure to bear in my behalf.
"I have enclosed photographic copies of all pertinent documents to substantiate my claim.
"You ____ interest and action in this matter will be sincerely appreciated.
 "Very truly yours,
 /s/ Thurston F. Garris
 Thurston F. Garris"