Louise Bariola FARRIS *v.* Tom H. TVEDTEN

81-127                              623 S.W. 2d 205

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*Robert G. Bridewell,* of *Holloway & Haddock,* for appellant.

*Charles Darwin Davidson, P.A.,* for appellee.

DARRELL HICKMAN, Justice. The issue in this case is whether a defamatory letter was "published." The trial court granted a motion to dismiss holding that there had been no publication of the letter. For purpose of argument it has to be conceded that the letter was libelous.

The appellant, Mrs. Louise Bariola Farris, is a nurse who practices at the Chicot Memorial Hospital in Lake Village. The appellee, Tom H. Tvedten, is a doctor who practices at the same hospital. Dr. Tvedten dictated the letter in question to a stenographer. It was addressed to Mrs. Farris at Box 16, Jennie, Arkansas. The letter strongly criticized Mrs. Farris, implying that she had substituted medication thereby committing a criminal act.

By pleadings and arguments the sole question before the trial court was whether the letter was published and, if so, whether the publication occurred when Dr. Tvedten dictated the letter to a stenographer and when the letter addressed to Mrs. Farris was opened and read by her husband. The court ruled that there was no publication and we agree.

In a defamation case a libelous or slanderous statement must be published or communicated to a third person to be actionable. W. Prosser, *The Law of Torts,* § 113 (4th ed. 1971); *Braman* v. *Walthall,* 215 Ark. 582, 225 S.W. 2d 342 (1949). However, not every communication to a third person is deemed to be a publication. Some communications are protected by a qualified privilege; that is, the fact that a third party learns of the libelous matter is not necessarily publication. Unless there is an abuse of this qualified privilege, such as excessive or malicious publication, there is no publication in the eyes of the law. W. Prosser, *supra,* § 115; *Braman* v. *Walthall, supra; Bohlinger* v. *Germainia Life Ins. Co.,* 100 Ark. 477, 140 S.W. 257 (1911). The statement by Dr. Tvedten to the nurse on its face was such a privileged statement since it was made by one with an interest or duty in a matter to another who had a like interest or duty. W. Prosser, *supra,* § 115; *Braman* v. *Walthall, supra; Arkansas*

*Associated Telephone Co.* v. *Blankenship*, 211 Ark. 645, 201 S.W. 2d 1019 (1947).

The trial court found no abuse of the privilege in this case. The doctor and nurse worked in the same hospital. The letter was purely in reference to the appellant's performance at the hospital regarding medication practices in which both parties had some duty and interest. The letter was dictated to the doctor's stenographer, and that act alone did not amount to publication. W. Prosser, *supra*, § 115 n. 59; *Polk* v. *Mo. Pac. R. Co.,* 156 Ark. 84, 245 S.W. 186 (1922).

The fact that the husband opened and read a letter addressed to his wife was not deemed by the trial court to be publication. That was an act beyond the control of the writer and there is no evidence that Dr. Tvedten knew or could have foreseen anyone else would have opened the letter. There is no liability for publication when a sealed letter is sent to the plaintiff personally which is unexpectedly opened and read by another. W. Prosser, *supra*, § 113, n. 41; *Barnes* v. *Clayton House Motel,* 435 S.W. 2d 616 (Tex. Civ. App. 1968); *Weidman* v. *Ketcham,* 278 N.Y. 129, 15 N.E. 2d 426 (1938).

The parties by pleadings and briefs narrowed the argument to the issues we have discussed. The trial court ruled on that basis and we have recited the facts that we have. Having reviewed the record on that basis, we cannot say the trial court was clearly wrong.

Affirmed.