PER CURIAM.
The appellant Advantage Personnel Agency, Inc. appeals a final order dismissing with prejudice its permissive counter *331 claim for slander. The basis for the dismissal was that the essential element of publication in a slander action, see Burnham v. State, 37 Fla. 327, 329, 20 So. 548, 549 (1896); Fiore v. Rogero, 144 So.2d 99, 102 (Fla. 2d DCA 1962), was not alleged in the complaint. We affirm.
The appellant Advantage Personnel Agency, Inc. filed a permissive counterclaim below for slander against the appel-lee Hicks & Grayson, Inc. The counterclaim alleged that Hicks through its corporate president uttered certain slanderous statements concerning the business practices of Advantage in paying its bills. These statements were allegedly made at the conclusion of a business conference with an employee of Advantage. At the hearing on the motion to dismiss, it was agreed by both parties that the employee who allegedly heard these statements was Madeline Tighe, the sales manager of Advantage. The trial court in the order under review noted this agreement and, in effect, treated the agreement as an ore tenus amendment to the counterclaim.
Although there may be cases in which a slanderous statement directed against a corporation could be published, as urged, to a lower echelon employee of the slandered corporation, see Diplomat Electric, Inc. v. Westinghouse Electric Supply Co., 378 F.2d 377, 381 (5th Cir.1967); W. Prosser, Law of Torts § 113 at 767 (4th ed. 1971), the rule must necessarily be different where, as here, the statements complained of are made to a corporate executive or managerial employee, such as a sales manager, at the conclusion of a business conference with the said employee. In such a case, the statements are, in effect, being made to the management of the corporation and thus to the corporation itself in the person of one of its executive or managerial employees. The corporation has no cause of action for slander under these circumstances as the essential element of publication to a third party is lacking. See Fausett v. American Resources Management Corp., 542 F.Supp. 1234 (C.D.Utah 1982).
Affirmed.