Michael CUNNINGHAM, Appellee,

v.

SKAGGS COMPANIES, INC., d/b/a
Skaggs Alpha Beta and Mark
Gossett, Appellants.

No. 83–1525.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1983.

Decided March 13, 1984.

---

John B. Greer, III, Cary G. Rochelle, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, Tex., for appellants.

James S. Hudson, Jr., Texarkana, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

This is an appeal from a jury verdict awarding $10,000 in damages to the appellee for slander. Appellants raise several issues, including alleged deficiencies in the trial court's treatment of a claimed qualified privilege and lack of evidence to support the damage award. We affirm the judgment of the district court.

In January 1983, appellee Michael Cunningham was employed as a soft drink merchandiser for Buchanan Enterprises, Inc. The incident at issue occurred at a Skaggs store in Texarkana, Arkansas, that was on Cunningham's service route. Appellant Mark Gossett, an employee of Skaggs, saw Cunningham remove one or two soft drinks from a vending machine in the store. Cunningham was stopped by a Skaggs employee and asked to go to Gossett's office. Without asking for an explanation Gossett asked Cunningham if he had taken a drink from the machine without paying for it. Cunningham acknowledged that he had, but indicated that the can was defective, that part of his job was to remove defective cans from the machine, and that the store would receive credit for the defective can or cans. Gossett then called Buchanan Enterprises and requested a meeting with Cunningham's supervisors. Buchanan employees Scott Taylor and Bill McKinney came out to the Skaggs store and met with Gossett. At that meeting, Gossett accused Cunningham of stealing and demanded that he be barred from servicing the Skaggs store. Gossett did not inquire as to Buchanan company policy with regard to inspecting for defective cans, nor did he relate Cunningham's side of the story. The demand that Cunningham be prevented from servicing the Skaggs store was made without giving him a chance to defend himself before his supervisors. Gossett admitted that he took these actions without any consideration of possible consequences to Cunningham's career and mental well being.

Cunningham was removed from the Skaggs route, though he continued as an employee of Buchanan. As a result of being taken off the Skaggs route he lost or will lose at least $4,000 in income during calendar years 1983 and 1984. He also testified that he suffered embarrassment when trying to explain the route change to his customers, and felt that his work performance suffered from the mental depression caused by the incident.

Appellants contend that Gossett's remarks and actions with respect to this incident were privileged, that the privilege was improperly submitted to the jury, and that the privilege was not abused by the appellants. Although one in Gossett's position does have a conditional privilege to communicate with a person's employer regarding shoplifting and other violations, the privilege is lost if such communications are made with actual malice towards the person being defamed. *Bohlinger v. Germania Life Ins. Co.*, 100 Ark. 477, 140 S.W. 257 (1911). Under Arkansas law, statements made with actual malice include not only those made with spite, hatred, or vindictiveness, but also those made with "such reckless disregard of the rights of another as to constitute the equivalent of ill will." *Dun & Bradstreet, Inc. v. Robinson*, 233 Ark. 168, 345 S.W.2d 34, 39 (1961). Some of the factors that may warrant a finding of recklessness include insufficient investigation of the facts underlying the defamatory statement, failure to confront the defamed party with the charges prior to publication, and past similar reckless statements. *Andrews v. Mohawk Rubber Co.*, 474 F.Supp. 1276, 1283 (W.D.Ark.1979) (applying Arkansas law).

It is clear that the case was submitted under proper instructions requiring a finding of actual malice on the part of Gossett and that the jury's verdict is supported by substantial evidence. Gossett did not investigate to determine the procedure used by Cunningham's employer for dealing with defective soft drink cans. After asking Cunningham a single question, he immediately called the employer and demanded a meeting with its representatives. Moreover, there are significant discrepancies between Gossett's testimony about the incident and the testimony of Larry Evans, another Skaggs employee and the only other witness who saw all or part of Cunningham's treatment of the soft drink in question. Evans's testimony essentially corroborates Cunningham's account of the incident. In addition, Cunningham testified that two weeks before the incident, Gossett asked Cunningham to lend him change with which to purchase a drink from the vending machine. Cunningham refused, stating that he had only enough change for himself. Gossett stated, "I'll get you for it. I'll get even with you." Tr. at 44–45. Gossett did not deny or in any way address this statement at trial.

Appellants' contention that the issue of privilege must be pled by the plaintiff is without merit. A qualified privilege is an affirmative defense and to require plaintiff to plead it is illogical and without precedent. Furthermore, the jury instructions explicitly and correctly addressed the existence and the scope of the privilege and placed the burden of proof on the plaintiff to prove a loss of the privilege.

Appellants also argue that the damages awarded by the jury are excessive. We do not agree. The evidence of actual financial loss to the plaintiff and of the mental and emotional distress suffered by him easily support an award of $10,000.

We have carefully reviewed the record, the briefs filed, and the oral arguments of the parties. The jury's verdict and the judgment of the court below contain no error of law, are supported by substantial evidence, and are hereby affirmed.