489 So.2d 142 (1986)
Antonio GRANDA-CENTENO, Appellant,
v.
Pedro LARA, Appellee.
No. 85-1202.
District Court of Appeal of Florida, Third District.
May 27, 1986.
*143 Breger & Breger and Richard Breger, North Miami Beach, for appellant.
Penzick & Parker and John Parker, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
Granda-Centeno appeals a judgment on a jury verdict in a defamation action. We find one of the points raised by Granda-Centeno meritorious and reverse for a new trial.
Mr. Lara sued alleging that he was libeled in a letter written by Granda-Centeno. The letter indicated that copies were being sent to twenty-six persons or entities. The evidence at trial established the receipt and reading of the letter only by Mrs. Lara[1] and Mr. Regelado, an employee of Bank of America which was one of the entities listed in the letter. Regelado had done business with Granda-Centeno in Quito, Ecuador in 1976. In 1977, Regelado was transferred to Venezuela. In 1978, his replacement in Quito, Robert Sola, received a copy of Granda-Centeno's letter. Sola delivered the copy of the letter to Regelado, who read it.
Granda-Centeno contends that the trial court erred by instructing the jury that "[p]ublication is the sending of the libelous writing to at least one other person and to the plaintiff."[2] We agree. Publication of defamatory matter is communication of the statement to a third person. Tyler v. Garris, 292 So.2d 427, 429 (Fla. 4th DCA 1974). To communicate or publish is to make known, Webster's Ninth New Collegiate Dictionary 266, 952 (1983), and requires that someone hear or read the information communicated. Evidence that a defamatory writing was sent is insufficient to prove publication. Owner's Adjustment Bureau, Inc. v. Ott, 402 So.2d 466 (Fla. 3d DCA 1981). Consequently, the instruction, which allowed the jury to find a publication in the mere sending of the letter, was erroneous. It allowed the jury to find a publication, and thus liability, without a finding that the letter was actually received and read.[3] Accordingly, the judgment in favor of Lara is reversed and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] Mrs. Lara's opening and reading of the letter, which was addressed to Mr. Lara, does not qualify as a publication. See Farris v. Tvedten, 274 Ark. 185, 623 S.W.2d 205 (1981) (there is no liability for publication when a sealed letter is sent to the plaintiff personally and is unexpectedly opened and read by another).
[2] While not at issue in this appeal, we point out for the benefit of the trial court that the instruction was erroneous in stating that the libelous writing must be published to the plaintiff. Tyler v. Garris, 292 So.2d 427, 429 (Fla. 4th DCA 1974).
[3] There is evidence in the record which suggests that any publication to Regelado may have in fact been a republication. If so, then the defendant is liable only if the republication was reasonably foreseeable, Brown v. First National Bank, 193 N.W.2d 547, 555 (Iowa 1972); Weaver v. Beneficial Finance Co., 199 Va. 196, 98 S.E.2d 687, 690 (1957); Hucko v. Jos. Schlitz Brewing Co., 100 Wis.2d 372, 302 N.W.2d 68, 72 (App. 1981), which is generally a question of fact for the jury. 50 Am.Jur.2d Libel & Slander § 172 (1970).