980 F.2d 518
 124 Lab.Cas. P 57,204, 24 Fed.R.Serv.3d
937, 8 IER Cases 32,
21 Media L. Rep. 1284
 Jeff RICHMOND; Thomas Shepperson; Abraham Soto; Lloyd Ray
Bell; Ricky Deeds; Charles Elrod; Ron McGinnis; Bruce
McVay; Steve W. Soto; Henry Lee Morgan, Jr.; Kenneth
Vaughn, Plaintiffs-Appellants,
Tommy Pannell; James V. Parks, Plaintiffs,
Bobby Lynn Atchley; James Williams; Marvin Price; Kenny
Lucy; Donnie J. Olsen, Plaintiffs-Appellants,
v.
SOUTHWIRE COMPANY, also known as Kagan-Dixon Wire Corp., a
Georgia Corporation, Defendant-Appellee.
Jeff RICHMOND; Thomas Shepperson; Abraham Soto; Lloyd Ray
Bell; Ricky Deeds; Charles Elrod; Ron McGinnis; Bruce
McVay; Steve W. Soto; Henry Lee Morgan, Jr.; Kenneth
Vaughn; Tommy Pannell; James V. Parks; Bobby Lynn
Atchley; James Williams; Marvin Price; Kenny Lucy;
Donnie J. Olsen, Plaintiffs-Appellants,
v.
SOUTHWIRE COMPANY, also known as Kagan-Dixon Wire Corp., a
Georgia Corporation, Defendant-Appellee.
 Nos. 91-3563, 92-3140.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 19, 1992.
Decided Nov. 24, 1992.
 
 Marc I. Baretz and Kent J. Rubens, West Memphis, Ark., argued for appellants.
 Donna S. Galchus and Russell Gunter, Little Rock, Ark., argued for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 On July 17, 1985, a supervisor discovered drugs in an employee's possession at Southwire Company's Osceola, Arkansas, factory. Threatened with prosecution, the employee provided a list of other employees who had possessed, used, or sold drugs at the facility. During the following weeks, all employees on the list were interviewed and those who denied possessing, using, or selling drugs on company property were asked to take a polygraph examination. At the conclusion of its investigation, Southwire terminated all who admitted drug activity, refused to take a polygraph test, or failed the polygraph test and had been seen using drugs on company property.
 
 
 2
 Immediately after the terminations, in response to telephone inquiries from two local newspapers, Southwire's Director of Corporate Communications read the following prepared statement on behalf of the company:
 
 
 3
 Twenty-five employees of Southwire Specialty Products have been terminated for violations of Southwire Company policies. The terminations followed a lengthy investigation into the possession, sale and use of controlled substances by employees on Southwire property.
 
 
 4
 Those involved were notified on Wednesday, August 28, 1985, of the investigation results, according to General Manager Jim Hollis. The terminations were effective immediately.
 
 
 5
 The newspapers ran stories that reported the Southwire statement but under headlines suggesting that the employees had been terminated for drug abuse.
 
 
 6
 Eighteen of the terminated employees then commenced this diversity action, seeking compensatory and punitive damages for nine alleged causes of action. In February 1989, the district court[1] dismissed all claims except defamation and false light; plaintiffs promptly appealed that order, and this court affirmed. Richmond v. Southwire Co., 902 F.2d 1572 (8th Cir.1990).
 
 
 7
 On March 25, 1991, after substantial additional discovery, the district court granted Southwire summary judgment dismissing the remaining claims of sixteen plaintiffs. Following trial, a jury awarded the remaining two, James V. Parks and Tommy Pannell, nominal damages of $1.00. The district court then denied plaintiffs' motion for an award of costs in the amount of $13,900.46. In these consolidated appeals, the sixteen plaintiffs argue in Case No. 91-3563 that the district court erred in granting summary judgment dismissing their claims, and all plaintiffs argue in Case No. 92-3140 that the district court abused its discretion in denying their motion for costs. We affirm.
 
 
 8
 No. 91-3563. After reviewing the record and considering the issue de novo, we conclude that the district court properly granted summary judgment dismissing the remaining claims of plaintiffs other than Parks and Pannell. The key issue is whether Southwire's statement to the two newspapers was entitled to a qualified privilege under Arkansas law of defamation. Arkansas recognizes a qualified privilege to publish a defamatory statement in good faith to protect one's own interest, provided publication is reasonably necessary and the privilege is not abused, for example, by excessively broad publication. See Arkansas Assoc. Tel. Co. v. Blankenship, 211 Ark. 645, 201 S.W.2d 1019, 1021-22 (1947).
 
 
 9
 In this case, we agree with the district court (1) that the Supreme Court of Arkansas would extend the qualified privilege to a small-town employer's explanation to local media of the results of a newsworthy investigation into employee dishonesty or misconduct, as the Fourth Circuit held in Straitwell v. National Steel Corp., 869 F.2d 248, 250-52 (4th Cir.1989) (applying West Virginia law); and (2) that Southwire had such a qualified privilege to respond to the newspaper inquiries in this case. See Navorro-Monzo v. Hughes, 297 Ark. 444, 763 S.W.2d 635, 637-39 (1989); Farris v. Tvedten, 274 Ark. 185, 623 S.W.2d 205 (1981); Dun & Bradstreet, Inc. v. Robinson, 233 Ark. 168, 345 S.W.2d 34, 38-39 (Ark.1961).
 
 
 10
 Plaintiffs argue that the district court erred in granting summary judgment on their defamation claims because whether Southwire abused its qualified privilege is a disputed issue of fact. Under Arkansas law, when the defamation defendant establishes a qualified privilege, "the burden shifts to the plaintiff to prove the privilege has been abused by excessive publication, by use of the occasion for an improper purpose, or by lack of belief or grounds for belief in the truth of what is said." Ikani v. Bennett, 284 Ark. 409, 682 S.W.2d 747, 749 (1985). See Cunningham v. Skaggs Cos., 729 F.2d 1156, 1158 (8th Cir.1984). We agree with the district court that, despite extensive discovery, plaintiffs failed to present any "significant probative evidence" that would defeat Southwire's motion for summary judgment on qualified privilege grounds. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 
 
 11
 We have carefully considered the other issues plaintiffs have raised in this appeal. We conclude that these plaintiffs can derive no collateral estoppel benefit from the subsequent jury verdict in favor of Parks and Pannell because the circumstances surrounding the termination of those two supervisory employees were significantly different. We determine that all other issues are without merit for the reasons stated by the district court.
 
 
 12
 No. 92-3140. On September 24, 1991, following the jury verdict in favor of Parks and Pannell, the district court ordered judgment for these plaintiffs in the amount of $1.00 plus interest at the judgment rate "and all costs incurred in the action." Plaintiffs then filed a Bill of Costs in the amount of $13,900.46, the bulk of which consisted of court reporter fees for twenty-four depositions. Southwire opposed both the request for costs and the amount requested. On August 11, 1992, the district court denied plaintiffs' motion for costs, stating:
 
 
 13
 The jury award in this case accurately reflects the degree of success plaintiffs achieved in this action and the Court finds that plaintiffs should bear their own costs in the action.
 
 
 14
 On appeal, plaintiffs argue that they prevailed on the issue of defamation, that this vindicated an important reputational interest, and that the amount recovered should be only one factor considered in awarding costs to a prevailing party.
 
 
 15
 The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 ("A judge ... may tax as costs the following ...") and Fed.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party unless the court otherwise directs"). An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved. See, e.g., Farmer v. Arabian Amer. Oil Co., 379 U.S. 227, 234-35, 85 S.Ct. 411, 415-16, 13 L.Ed.2d 248 (1964); Kropp v. Ziebarth, 601 F.2d 1348, 1358 (8th Cir.1979); Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 55 (8th Cir.1977). Plaintiffs' motion for costs in this case suffers from both defects. We cannot say that the district court abused its discretion in denying that motion.
 
 
 16
 The judgment and orders of the district court are affirmed.
 
 
 
 [1]
 The HONORABLE STEPHEN M. REASONER, Chief Judge of the United States District Court for the Eastern District of Arkansas