# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2636

_____

| | | |
|---|---|---|
| Metro Express Transportation Services, Inc., a Missouri corporation; Freightlist.com, Inc., a Missouri corporation, | * * * * * | |
| Appellees, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Timothy W. Bergeron, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  November 7, 2001
Filed:  December 5, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Timothy Bergeron appeals the district court's[1] order denying him costs. Plaintiffs sued Bergeron for fraud, breach of contract, and negligence;  Bergeron thereafter filed a third-party complaint against his previous employer, LiveWire, L.L.C., for indemnification and contribution.  Ultimately he was released from all

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

liability as a result of a settlement negotiated between plaintiffs and LiveWire. After granting plaintiffs' motion to voluntarily dismiss the case with prejudice, the court denied Bergeron's request for costs, which plaintiffs had resisted. For reversal, Bergeron complains that the district court failed to explain its reasons for denying his motion for costs. We reject Bergeron's argument and affirm.

At the time the district court denied the motion for costs, it had before it a complete history of the litigation, together with plaintiffs' response to Bergeron's motion, in which they advanced numerous reasons for denying costs to Bergeron including his conduct in allegedly prolonging the litigation. A district court has discretion whether to grant or deny costs, see Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992) (per curiam), and there is no evidence that the court misapplied the law or abused its discretion in this case, see United States v. Otto, 176 F.3d 416, 418 (8th Cir. 1999) (judges are presumed to know law and apply it in making decisions).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.