DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAND HOCH,**
Appellant,

v.

**BRUCE E. LOREN, KYLE OHLENSCHLAEGER, ESQ.,** and **BRUCE E. LOREN, P.A.,** d/b/a **LOREN & KEAN LAW,**
Appellees.

No. 4D18-1407

[June 12, 2019]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 50-2017-CA-001198.

W. Trent Steele of Steele Law, Hobe Sound, for appellant.

Douglas M. McIntosh and Aleida M. Mielke of McIntosh, Sawran & Cartaya, P.A., Fort Lauderdale, and Michael I. Kean of Loren & Kean Law, Palm Beach Gardens, for appellees.

GROSS, J.

The narrow issue in this case is whether an attorney's cease and desist letter to an opposing party is "published" for the purpose of a defamation action when the attorney sends a copy of the letter to his client. We affirm the order granting the motion to dismiss with prejudice because sending the letter to the client did not amount to a "publication" under the law of defamation.

Appellees are attorneys who were retained by the board of directors of a condominium association to deal with appellant, Rand Hoch, a unit owner at the condominium who was unhappy about certain decisions made by the board. The attorneys sent Hoch a cease and desist letter and sent a copy to their "client." Hoch took offense at the content of the letter and sued the attorneys for defamation. The circuit court dismissed the case for failure to state a cause of action, ruling that the complaint "fail[ed] to allege publication to a third party." The court wrote:

The Court finds that publication of the letter to [the plaintiff] and the firm's client as reflected in the December 20, 2016 letter and as plead in the Amended Complaint, is not publication to a third party as a matter of law. . . . The Court is persuaded by the case law submitted by the Defendants, particularly *American Airlines v. Geddes*, 960 So. 2d 830 (Fla. 3d DCA 2007).

Defamation is defined as "the unprivileged publication of false statements which naturally and proximately result in injury to another." *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). "Publication of defamatory matter is communication of the statement to a third person." *Granda–Centeno v. Lara*, 489 So. 2d 142, 143 (Fla. 3d DCA 1986). "There may be publication to any third person." W. Prosser & W. Keeton, The Law of Torts § 113, at 798 (5th ed. 1984); *see also Tyler v. Garris*, 292 So. 2d 427, 429 (Fla. 4th DCA 1974) (the only requirement is that "the defamatory matter must have been communicated to some third person in order for same to be actionable.").

That said, Florida courts have recognized that certain communications, even though apparently made to "third persons," are not "published" for the purpose of stating a defamation cause of action. To reach this conclusion, courts have employed the legal fiction that the party hearing or seeing the purported defamation is so closely connected with the potential defamation plaintiff or defendant that they merge into a single entity, so there is no publication to a "third person" necessary to the cause of action.

First, Florida courts have found no publication where a corporation is sued for defamation and the defamatory statement was made by one managerial employee of the corporation to another. "When the entity alleged to have committed the defamation is a corporation, the courts have held that statements made to corporate executive or managerial employees of that entity are, in effect, being made to the corporation itself, and thus lack the essential element of publication." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007). In *Geddes*, the jury found that American Airlines had defamed an employee while investigating misconduct. The third district reversed the verdict, holding:

All communication between American executive/managerial employees are considered to be the corporation talking to itself, and, could not be the basis for any defamation claim because they lacked the essential element of publication to a third party.

- 2 -

*Id.* at 834.

Second, Florida courts have found no publication when a defamatory statement about a plaintiff corporation is made to a managerial employee of the corporation. In *Advantage Pers. Agency, Inc. v. Hicks & Grayson, Inc.*, 447 So. 2d 330, 331 (Fla. 3d DCA 1984), a corporation could not maintain a cause of action for defamation where the defamatory statement was communicated to "a corporate executive or managerial employee" of the corporation.

> In such a case, the statements are, in effect, being made to the management of the corporation and thus to the corporation itself in the person of one of its executive or managerial employees. The corporation has no cause of action for slander under these circumstances as the essential element of publication to a third party is lacking.

*Id.* Stated differently, a statement to an executive/managerial employee of a corporation is a statement to the corporation itself; the corporation cannot maintain a cause of action for defamation because the only communication was to the corporation itself – there was no publication to the requisite third person.

Third, Florida courts have found no publication where the defamatory statement is made to the plaintiff's attorney. In *Maine v. Allstate Ins. Co.*, 240 So. 2d 857, 858 (Fla. 4th DCA 1970), we held that statements made to the plaintiff's attorney were not published to a third party for purposes of a defamation claim. *See also Gomberg v. Zwick, Friedman & Goldbaum, P.A.*, 693 So. 2d 1064, 1065 (Fla. 4th DCA 1997) ("[S]ending the letter to Feinberg did not constitute publication because Feinberg acted as appellant's attorney and received the correspondence on his behalf.").

All three of these situations arose in the context of an agency relationship where the interests of the principal and agent were unified, so that statements to an employee or agent of the principal did not constitute statements to a third party, a necessary element of defamation. *Jaar v. University of Miami*, 474 So. 2d 239, 245 (Fla. 3d DCA 1985) (stating the general rule that an "employer or principal is vicariously liable for negligent acts of its employee or agent committed within the course and scope of that employment or agency relationship."). "Essential to the existence of an actual agency relationship is (1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking,

and (3) control by the principal over the actions of the agent." *Goldschmidt, M.D. v. Holman,* 571 So. 2d 422, 424 n.5 (Fla. 1990).

In an attorney-client relationship, the attorney is an agent and the client is the principal. "An attorney acts as the client's representative, and representations made to the attorney are representations made to the attorney's client." *Cruise v. Graham,* 622 So. 2d 37, 39 (Fla. 4th DCA 1993). "Generally, an attorney serves as agent for his client; the attorney's acts are the acts of the principal, the client." *Andrew H. Boros, P.A. v. Arnold P. Carter, M.D., P.A.,* 537 So. 2d 1134, 1135 (Fla. 3d DCA 1989). Because their interests are so unified, a statement that the attorney makes to his or her client as part of the attorney-client relationship is analogous to the situations presented in *Geddes, Hicks & Grayson,* and *Maine,* where there was no publication to a third party because the communication was tantamount to the principal "talking to itself." *Geddes,* 960 So. 2d at 834; *see also Woody v. Krueger,* 374 N.W. 2d 822, 825 (Minn. Ct. App. 1985) (affirming a summary judgment for defendant, court stated that an attorney did not "publish the alleged defamatory letter" outside of the "protected attorney-client communication").

For these reasons we affirm the final order of the circuit court. We affirm on the cross-appeal without further comment.

TAYLOR and CIKLIN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***