Terry Lee GARNER, Plaintiff,

v.

Trooper Keith WHITMAN; Samuel Nolen, Director; Trooper Ken Carter; Trooper Carlo Jiannoni, Defendants.

No. 01–3275.

United States District Court,
C.D. Illinois,
Springfield Division.

May 14, 2004.

John Edward Kerley, Schuering & Kerley PC, Ralph E. Williams, Springfield, IL, for Plaintiff.

Karen L. McNaught, Terence J. Corrigan, Amy L. McFadden, Asst. Attorneys General Office of Illinois Attorney General, Springfield, IL, for Defendants.

## *OPINION*

RICHARD MILLS, District Judge.

We now address Plaintiff's Petition for Attorney's Fees and Costs.

## FACTS

On August 28, 2001, Garner filed a fourteen count complaint against the Illinois State Police, its Director Samuel Nolan, and Troopers Keith Whitman, Ken Carter, and Carlo Jiannoni, for injuries he sustained during a traffic stop.

Garner alleged that the Defendants violated the First, Fourth, Fifth, and Eighth Amendments and that their conduct gave rise to state law claims of false arrest, false imprisonment, assault, battery, malicious prosecution, abuse of process, prima facie tort, conspiracy tort, negligence, and gross negligence. To remedy his woes, Garner sought $1,000,000 in compensatory damages and $1,000,000 in punitive damages.

Virtually all of Garner's claims were dismissed, withdrawn, or denied after a two-day bench trial. The only claim on which Garner prevailed was his Fourth Amendment unreasonable seizure claim against Trooper Whitman. The Court narrowly ruled in Garner's favor on that claim and awarded him $405.41 for medical expenses and $500.00 for pain and suffering.

Since Garner stated throughout the proceedings that his only aim was to have the Defendants explain why they did what they did, the small monetary award did not appear to impact his ultimate satisfaction. Garner's attorney, however, has greater financial ambitions for this case. To this end, counsel filed a Petition for Attorney's Fees and Costs in which he asks the Court to award him $19,945.50 under 42 U.S.C. § 1988 because his client was the prevailing party. Counsel also seeks $1,871 in costs pursuant to 28 U.S.C. § 1920.

## ANALYSIS

■ In *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Supreme Court set forth the determination of whether a party is entitled to attorney's fees in two distinct steps: 1) whether the party has prevailed, and 2) the degree of success obtained. There is no doubt that Garner prevailed here when he proved that Trooper Whitman violated his Fourth Amendment right to be free from unreasonable seizure.

■ It is on the second step of *Farrar* where Garner stumbles. Justice O'Connor's concurrence in *Farrar* suggests a three-part analysis for determining a reasonable fee: (1) the difference between the amount recovered and the damages sought, (2) the significance of the legal issues on which the plaintiff has prevailed, and (3) the public purpose of the litigation. *Id.* at 121–22, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494; *see also Monticello Sch.*

*Dist. No. 25 v. George L.,* 102 F.3d 895, 907 (7th Cir.1996). Of these three factors, the first is the most crucial. Thus, in a case involving distinct claims, time spent on an unsuccessful claim should not be compensated.

■ Garner filed a fourteen-count complaint against five Defendants and sought $2,000,000 in damages. He prevailed on one count against one Defendant and received an award of $905.41. The one count on which Garner prevailed—a Fourth Amendment unreasonable seizure claim— is by counsel's own admission neither novel nor difficult. Moreover, Garner never intended the litigation to have any public purpose. It was strictly for his satisfaction that he haled the Defendants into court.

Despite these things, Plaintiff's counsel asks the Court to award him about $20,000 in attorney's fees. Plaintiff's counsel arrives at this figure by applying the lodestar method. Under the lodestar method, a court determines what fees are recoverable by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A court can adjust the resulting figure upwards or downwards based on 12 factors, such as novelty,

skill, etc. *See Hensley,* 461 U.S. at 430 n. 3, 103 S.Ct. 1933.

■ However, "when recovery is low enough in relation to the demand ... the judge may jettison the lodestar apparatus and choose an appropriate fee using other means." *See Cole v. Wodziak,* 169 F.3d 486, 488 (7th Cir.1999). Jettisoning the lodestar method is appropriate in this case.

The primary reason why the lodestar method is inapplicable here is that Garner's $905.41 recovery is minuscule in relation to the $2,000,000 he sought. Garner lost on so many claims against so many Defendants, one can say that he just barely succeeded here. If the Court were to subtract out these failures and deduct money for counsel's inadequate preparation [1], Garner may not have recovered anything. Nevertheless; because Garner narrowly prevailed on one count, a small amount of attorney's fees is warranted. Thus, the Court awards Garner's counsel $452.71 in attorney's fees—an amount slightly more than one half of Plaintiff's recovery.

■ Plaintiff's counsel is also entitled to costs under 28 U.S.C. § 1920 [2]. However, not all of the $1,871.00 counsel seeks is recoverable under this statute. To begin

---

**1.** Counsel's briefs were of very poor quality. The memorandums counsel submitted often failed to discuss legal authority or apply it to the facts of Garner's case. Furthermore, it was apparent that counsel made little effort to prepare for trial. Not only did counsel make an unsuccessful attempt to withdraw on the day of trial, he never called a doctor to testify about the cause or degree of his client's injuries and he produced no documentary evidence to substantiate lost earnings, etc. In fact, when the Court chastised counsel on these points he apologized by saying that he expected the case to be tried like the small claims cases he handled in state court.

**2.** This statute allows a prevailing party to recover the following fees:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

with, the 25–cent per page photocopying expense counsel lists is excessive. The Seventh Circuit has held that "charges for in-house reproduction may not exceed the charges of an outside print shop." *See Martin v. United States,* 931 F.2d 453, 455 (7th Cir.1991); *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1441 (7th Cir.1994). The Defendant has produced evidence showing that outside print shop charges in Springfield are 8–cents per page. Accordingly, the $398.75 in claimed copy expenses is reduced to $127.60.

An additional $204.30 in claimed Westlaw, parking, court of claims filing fee, and investigation expenses must be deducted because § 1920 does not permit recovery for these costs. Furthermore, the plaintiff cannot recover for service of summonses connected to all five of the Defendants since his claims against four of those Defendants failed completely. For this reason, counsel's costs for service is reduced from $100 to $20.

*Ergo,* Plaintiff Terry Lee Garner's Petition for Attorney's Fees and Costs (d/e 67) is ALLOWED. For the reasons stated herein, the Court awards $452.71 for attorney's fees and $1,315.55 for costs.

CASE CLOSED.

IT IS SO ORDERED.