**Rodney JAMES, and all others similarly situated, Plaintiff,**

v.

**WASH DEPOT HOLDINGS, INC., Defendant.**

**No. 05–60822CIV.**

United States District Court, S.D. Florida.

May 14, 2007.

See, also, 2007 WL 1423759.

Shane T. Munoz, Jaimi Lamb Kerr, Peter Wolfson Zinober, Zinober & McCrea, Tampa, FL, for Defendant.

## ORDER GRANTING PLAINTIFF'S AND DEFENDANTS' MOTIONS TO TAX COSTS

DIMITROULEAS, District Judge.

THIS CAUSE comes before the Court upon Plaintiff, Rodney James and his Counsel's Verified Motion to Tax Costs [DE 176] and Defendants Wash Depot XV, Inc. and Wash Depot Holdings, Inc.'s Motion to Tax Costs [165]. The Court has carefully considered these Motions, Defendants' Response [DE 167], Plaintiff and his Counsel's Reply [DE 176], Plaintiff and his Counsel's Response [DE 174], Defendants' Reply [DE 185], the exhibits provided by the parties and is otherwise fully advised in the premises.

### I. BACKGROUND

In the underlying lawsuit, Plaintiff, Rodney James ("James") asserted claims of: (1) race discrimination under the Florida Civil Rights Act ("FCRA"); (2) retaliation under the FCRA, for alleged complaints of race discrimination; (3) retaliation under the Fair Labor Standards Act ("FLSA"), for alleged complaints about his pay; (4) retaliation under the Florida Whistleblower Act ("FWA"), for alleged complaints about discrimination, his pay, and the alleged hiring of illegal workers; (5) failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"); and (6) failure to pay overtime under the FLSA. In his Rule 26 disclosures. Plaintiff calculated he had suffered more than $600,000 in damages.

On November 21, 2006 this Court granted summary judgment in favor of Defendant with respect to all claims except the minimum wage and overtime claims under the FLSA [DE 102]. The two FLSA claims proceeded to trial. After a three-day jury trial the jury found in favor of Defendant with respect to the minimum wage claim and in favor of Plaintiff on the overtime claim. The jury awarded James $1,746.81 in damages. After liquidating damages, Plaintiff's total judgment in this matter was $3,493.62.

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiff.

## II. *DISCUSSION*

Rule 54 of the Federal Rules of Civil Procedure allows for the taxation of costs. The rule provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs..." Fed.R.Civ.P. 54(d)(1). While the Court has discretion in considering a motion to tax costs, *see Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 462 (11th Cir.1996), that discretion is limited. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995) ("although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered."). The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the non-prevailing party must overcome. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.1991).

In order to tax costs against the adverse party under Rule 54, a party must first be a "prevailing party." The Supreme Court has held that a party is a "prevailing party" if the party prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (internal citations and quotations omitted). Under the law governing attorneys' fees and costs "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs*, 1998 WL 776848 at *1, 1998 U.S. Dist. LEXIS 20914 at *4 (M.D.Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In this case both parties are prevailing parties. The Plaintiff prevailed on his FLSA overtime claim, while the Defendant prevailed on the FLSA wages claim as well as the various retaliation and discrimination charges. Accordingly, both parties are presumptively entitled to recover costs under Rule 54(d)(1).

The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Courts in the Eleventh Circuit read this to require that cost awards under the FLSA be limited to the costs enumerated in § 1920.[1] *See, e.g. Manriquez v. Manuel Dias Farms, Inc.*, 2002 WL 1050331 at *3, 2002 U.S. Dist. LEXIS 9915 at *9 (S.D.Fla. May 23, 2002) (denying mediation costs in an FLSA case after noting that "[a]bsent a contrary, explicit statutory provision, the Court may tax only the [costs listed in § 1920.]"); *Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 at *3, 2006 U.S. Dist. LEXIS 92994 at *8 (M.D.Fla. Dec. 21, 2006) ("In an FLSA action, it is error to award costs in excess of those permitted by § 1920."); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (denying expert witness fees under 29 U.S.C. § 216(b) and noting that nothing suggested that Congress intended "costs" in section 216(b) to include anything more than the costs listed in § 1920.). Therefore, both parties are only entitled to recover those costs listed as taxable under § 1920.[2] The costs

1. The Plaintiff claims that all reasonable expenses, with the exception of routine office overhead are recoverable as litigation expenses, and cites to *Dowdell v. City of Apopka*, 698 F.2d 1181, 1188 (11th Cir.1983), for this proposition. However, *Dowdell* was not an FLSA case but rather a case where costs and fees were recoverable under 42 U.S.C. § 1988. The Plaintiff cites to *Jones v. Central Soya*, for the proposition that § 1988 cases apply to FLSA cases. 748 F.2d 586 (11th Cir.1984). Plaintiff's reading of *Jones*, however, is a blatant misreading of the case. In *Jones*, the Court held that the factors used in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974), to address the award of attorneys fees under § 1988 were also applicable to attor-

neys fees awards under the FLSA. *Jones*, 748 F.2d at 588. Nowhere does the case hold that prevailing parties under the FLSA are entitled to recover the costs provided by § 1988 when § 1988 does not cover the FLSA. An award of costs outside of § 1920 requires specific statutory authorization, and § 1988 specifically does not cover the FLSA.

2. Plaintiff argues Defendant should be denied fees for failure to adequately confer as required by Local Rule 7.3, and for improperly disclosing confidential mediation communications. The Court, however, declines to exercise its discretion to deny Defendant costs on these grounds.

properly recoverable under 28 U.S.C. § 1920 are as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Accordingly, the charges for Postage Costs, Federal Express Costs and Mediation Costs requested by the Plaintiff must be denied. The Court will address each of the claims charged under § 1920 by the parties in turn.

*Fees of the Clerk and Marshal*

■ Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs.

> Defendant argues the Court should deny costs entirely or alternatively offset the costs. As the former Fifth Circuit made clear in *Plant v. Blazer Fin. Servs., Inc. of Georgia*, offsets against recovery are not permitted in this Circuit in federal civil rights actions, 598 F.2d 1357, 1365–66 (5th Cir.1979) (holding that allowing a set-off would effectively eviscerate a statute of the private attorney general concept). While some Circuits have denied costs to both parties when each party prevailed at least in part, *see e.g., Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 517 (7th Cir.1990) (court has discretion to deny costs where both parties prevailed); *All W. Pet Supply Co. v. Hill's Pet Prods. Div.*, 153 F.R.D. 667, 669 (Kan.1994) ("under the particular circumstances of this case, the court in the exercise of its discretion pursuant to Fed.R.Civ.P. 54(d) declines to award costs to any of the parties, since each of them prevailed, at least in part, in this court."), the parties cite to no court within the Eleventh Circuit that has taken this approach. In any event, even if this option were available to the Court, it would still decline to exercise its discretion to deny costs under the facts and circumstances of this case.

3. Section 1921(a) sets forth the types of activities for which U.S. Marshals may collect a fee, serv-

This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," the Eleventh Circuit has held service by a private process server to be compensable. *EEOC v. W & O Inc.*, 213 F.3d 600, 623 (11th Cir.2000). This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921,[3] authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service. *W & O*, 213 F.3d at 623–24. When the Marshal's Service serve process, its rate is $45 per hour for each item served, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(3).

■ The individual charges claimed by the Plaintiff in his motion range from $35 to $154.50. The documentation submitted, however, does not provide any information as to the time expended to effectuate service by the private process servers or as to travel costs or other out-of-pocket expenses incurred. Accordingly, in those instances where the Plaintiff requests more than $45 for service, the Court will limit the cost for service of each of these subpoenas to $45—the minimum charged by the U.S. Marshal's service for a total of $360.[4]

> ing a subpoena is one activity for which they may collect. Under § 1921(b), the Attorney General may prescribe regulations concerning the fees that may be charged by the Marshal's Service. Those regulations are set forth in 28 C.F.R. § 0.114.

4. The individual amounts requested and granted by the Plaintiff are as follows:

| | Requested | Granted |
|---|---|---|
| Wash Depot Holdings, Inc. - | $ 35.00 | $ 35.00 |
| Ennist, Peete (deposition) | $ 50.00 | $ 45.00 |
| Hopins, Jaune (deposition) | $ 25.00 | $ 25.00 |
| Altemar, Elton (deposition) | $154.50 | $ 45.00 |
| Cano, Andrew (deposition) | $ 50.00 | $ 45.00 |
| Ennist Peete (trial) | $ 75.00 | $ 45.00 |
| Altemar, Elton (trial) | $ 25.00 | $ 25.00 |
| Maruns, Luana (trial) | $ 25.00 | $ 25.00 |
| Cano, Andrew (trial) | $ 25.00 | $ 25.00 |
| Tambolini, Juan (trial) | $ 50.00 | $ 45.00 |
| **TOTAL** | $514.50 | $360 |

Likewise, Defendants provide no hourly rate for their private process server but request $70 for each service. At least part of each charge is for a "rush fee," which is not compensable. Accordingly, the Court will limit the amount awarded for service of subpoenas to $45 each, the minimum amount charged by the U.S. Marshal's service. Accordingly, Defendant is entitled to $245 in service of process costs.[5]

### Deposition Costs

Taxation of deposition costs is authorized by § 1920(2). "Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'" *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963). "Whether deposition costs are taxable depends on the factual question of whether the deposition was 'necessarily obtained for use in the case.'" *W & O* 213 F.3d at 620–21 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981)). The burden is on the party opposing taxation to demonstrate that the depositions were "not 'related to an issue which was present in the case at the time the deposition was taken.'" *Id.* at 621 (quoting *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 718 (N.D.Ill.1982)); *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982) ("a deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged."). While not dispositive, the deposition of a witness appearing on the losing party's witness list is generally reasonable because "the listing of those witnesses indicat[es] both that the [party] might need the deposition transcript to cross-examine the witnesses . . . and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" *W & O*, 213 F.3d at 621.

Nearly all of the depositions sought to be taxed by James and his Counsel are of witnesses who appear on the Defendants' Rule 26(a)(1) initial disclosure list. Those individuals include: James, Jayne Hopkins, Ennist Peete, Elton Altemar, Andrew Cano, Juan Tambolini, and Greg Anderson. The only witness deposed by Plaintiff who was not listed is Andrew White. The fact that portions of White's deposition transcript were read into evidence at trial demonstrates that this deposition was in fact necessary. Accordingly, the Court finds that Plaintiff can recover for all of the deposition costs claimed. However, the Court will not allow recovery for the cost of obtaining the transcript of the Unemployment Compensation Hearing because this transcript had no relevance to the issues at trial and pertained only to the Plaintiff's unsuccessful discrimination and retaliation claims. Accordingly, Plaintiff may tax $7,794.10 in deposition costs to the Defendant.[6]

Defendant also seeks to recover costs for the depositions of Andrew White, Juan Tam-

---

5. The individual amounts requested and granted the Defendant are as follows:

| | Requested | Granted |
|---|---|---|
| Potter, Andrea | $ 70.00 | $ 45.00 |
| Petracca, President, Mark | $ 70.00 | $ 45.00 |
| Ram & Sons, Inc. | $ 70.00 | $ 45.00 |
| Palmer, Lisa | $ 70.00 | $ 45.00 |
| Rose, Katisha. | $ 70.00 | $ 45.00 |
| Donovan, Kim | $ 70.00 | $ 45.00 |
| Brothers Concrete Pumping Service | $ 70.00 | $ 45.00 |
| **TOTAL** | $490 | $315.00 |

6. The amounts requested and granted for deposition fees by Plaintiff are as follows:

| | Requested | Granted |
|---|---|---|
| Rodney James | $ 1,826.65 | $ 1,825.65 |
| Jayne Hopkins | $ 762.45 | $ 762.45 |
| Greg Anderson | $ 609.00 | $ 609.00 |
| Juan Tambolini | $ 792.45 | $ 792.45 |
| Ennist Peete and Elton Altemar | $ 1,097.90 | $ 1,097.90 |
| Andrew White | $ 1,362.75 | $ 1,362.75 |
| Andrew Cano | $ 397.90 | $ 397.90 |
| Unemployment Hearing | $ 355.70 | $ 0.00 |
| Attendance fee for Tambolini | $ 315.00 | $ 315.00 |
| Attendance fee for Hopkins | $ 275.00 | $ 275.00 |
| Attendance fee for Peete and Alternar | $ 355.00 | $ 355.00 |

bolini, Laurie Pagan and Howard Schrager, Enist Peete and Elton Altemar, Greg Anderson, Rodney James, Jayne Hopkins and Andrew Cano. The Plaintiff does not argue that any of these depositions are not reimbursable or were not necessary for trial. Accordingly, the Court will award the Defendant costs for each of the depositions requested at the amounts stated on the invoices for a total of $12,638.75.[7]

### Witness Fees

The Eleventh Circuit spelled out the framework for compensation to witnesses who appear in federal court proceedings in *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460. "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'" *Id.* at 463 (quoting 28 U.S.C. § 1821(a)(1) & (b)). "Section 1920 of title 28 provides that '[a] judge or clerk of any court of the United States may tax as costs ... fees and disbursements for *printing and witnesses*.'" *Id.* (quoting 28 U.S.C. § 1920(3)). The court found that these two statutes, taken together, provided that no more than $40 a day could be charged as a cost of attendance. *Id.* at 463. Section 1821 also provides for other various travel compensations. However, these compensations require the party requesting them to detail the expenses and many times present a valid receipt. *See e.g.*, 28 U.S.C. § 1821(c)(1) & (3).

Plaintiff requests $45 a day for appearance at depositions for Peete and Altemar, and $45 a day for appearance at trial for Peete, Altemar and Tambolini. Because the Plaintiff does not itemize what the amounts requested are for, nor present any receipts for costs incurred above the $40 attendance fee permitted by § 1821, the Court will grant $40 per witness per day for a total of $200.

### Photocopies

Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *See Desisto College, Inc. v. Howey–in–the–Hills*, 718 F.Supp. 906, 913 (M.D.Fla.1989) (holding that copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration were recoverable costs). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W & O*, 213 F.3d at 623.

In their Motion, Plaintiff and his Counsel request $728.01 for: (1) 344 copies for letters; (2) 2,392 copies for pleadings sent to the Court and opposing counsel; (3) 1,044 copies for exhibits, all copied at $.19 per page. James and his Counsel seek to tax as costs only copies made of letters, copies for pleadings sent to the Court and opposing counsel and copies for exhibits that had to be provided to the Defendants. Defendants seek compensation for 315 copies at $.15 per page as well as various other copies made with invoices attached. The Court finds the request of the number of copies by each party to be reasonable. However, the Court finds that the requested $.19 or $.15 per page to be unnecessarily high.

A recent Southern District case evaluated the reasonableness of copying costs claimed in Rule 54(d) Motions. *See Mitchell v. Osceola Farms Co.*, Case No. 05–80825–CIV–COUN/SNOW (S.D.Fla. Mar. 29, 2007). In *Mitchell*, the court noted the varying rates that courts in the Southern District have found to be reasonable. These rates range from $.10 per page, *see Tang How v. Edward J Gerrits, Inc.*, 756 F.Supp. 1540, 1546

| TOTAL | $ 8,149.80 | $ 7,794.10 |
|---|---|---|

7. The amounts requested and granted for deposition fees by Defendant are as follows:

| | Requested | Granted |
|---|---|---|
| Andrew White | $ 797.75 | $ 797.75 |
| Juan Tambolini | $ 1,770.65 | $ 1,770.65 |
| Laurie Pagan & Howard Schrager | $ 812.00 | $ 812.00 |

| Ennist Peete & Elton Altemar | $ 2,447.30 | $ 2,337.30 |
|---|---|---|
| Greg Anderson | $ 381.50 | $ 381.50 |
| Rodney James | $ 5,024.20 | $ 5,024.20 |
| Jayne Hopkins | $ 1,001.45 | $ 1,001.45 |
| Andrew Cano | $ 403.90 | $ 403.90 |
| **TOTAL** | $12,638.75 | $12,638.75 |

(S.D.Fla.1991), to $.15 per page, *see Allen v. Freeman,* 122 F.R.D. 589, 591 (S.D.Fla.1988), to $.25 per page, *see Fla. Pawnbrokers and Secondhand Dealers Assoc. v. City of Fort Lauderdale,* 711 F.Supp. 1084, 1086 (S.D.Fla. 1989). *Mitchell,* Case No. 05–80825 at 6. The court noted that "district courts in other parts of the country have found more recently that the photocopying rate should approximate that of local print shops, unless the requesting party is able to provide factual support for the reasonableness of the higher in-house rate." *Id.* at 6 (citing *Garner v. Whitman,* 318 F.Supp.2d 700, 703 (N.D.Ill. 2004); *Ochana v. Flores,* 206 F.Supp.2d 941, 946 (N.D.Ill.2002)). In *Mitchell,* the court went on to find that in the Southern District, photocopying services were available for as low as $.07 per page and held that the rate of $.10 per page was, "reasonable and comparable to the rates charged by outside print shops, and is an appropriate rate for recovery of photocopying costs." *Id.* at 7. Because in this case, as in *Mitchell,* the parties have provided no factual support for the reasonableness of the increased in-house rate, the Court agrees with the reasoning of the *Mitchell* court, and will tax copying costs at $.10 per copy. Accordingly the Plaintiff is entitled to $377.90 and the Defendant is entitled to $141.50 in copying costs.

### Docket Fees

Finally, docket fees are a taxable cost pursuant to 28 U.S.C. § 1920(5). The filing fee paid by James when the lawsuit was filed is therefore recoverable. Accordingly, Plaintiff and his counsel may recover $250.00 for Plaintiff's filing fee.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Verified Motion to Tax Costs [DE 140] is hereby **GRANTED;**

2. Plaintiff may recover $ 8,782.00 from Defendants in costs.

3. Defendants Wash Depot XV, Inc. and Wash Depot Holdings, Inc.'s Motion to Tax Costs [DE 165] is hereby **GRANTED;**

4. Defendant may recover $ 12,980.25 from Plaintiff in costs.