**George POWELL, et al., Plaintiffs,**

v.

**CAREY INTERNATIONAL, INC., et al., Defendants.**

**No. 05–21395–CIV.**

United States District Court, S.D. Florida.

March 12, 2008.

Chris Kleppin, Harry O. Boreth, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiffs.

Alexander D. Del Russo, Carlton Fields, P.A., West Palm Beach, FL, Kristy Marie Johnson, Patricia Halvorson Thompson, Michael Adam Shafir, Carlton Fields, Miami, FL, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' VERIFIED MOTION FOR TAXATION OF COSTS

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Plaintiffs' Verified Motion for Taxation of Costs ("Plaintiffs' Motion") [DE 485]. Plaintiff moves for entry of an order taxing its costs as the prevailing party and requests interest on the costs pursuant to 28 U.S.C. § 1961. Defendants argue that Plaintiffs are not entitled to costs at all, and alternatively, that Plaintiffs are not entitled to the specific costs they seek. Having reviewed the motion, the response and the reply thereto, Plaintiffs are entitled to the costs enumerated below totaling $29,933.38.[1]

---

1. This amount consists of the following: (1) fees of the Clerk and Marshall ($839.00); (2) copy costs ($6,002.14); witness deposition/attendance fees ($22,842.24); and docket fees ($250.00).

## I. Background

Plaintiffs filed this wage and hour case under the Fair Labor Standards Act ("FLSA") on May 24, 2005.[2] After extensive litigation, by April 30, 2007, all Plaintiffs remaining in the case had accepted offers of judgment.[3] The Court entered the following judgments for each Plaintiff: (1) Juan Alba—$25,395.00; (2) Carlos Betancourt—$2,500.00; (3) Mark Donahay—$2,500.00; (4) John Humphreys—$26,541.00; (5) Viliam Kralovic—$2,500.00; (6) Luis Lozaro—$4,750.00; (7) Miomir Maksimcev—$50,548.00; (8) Eduardo Mazzeo—$29,998.00; (9) Alphonso McIntyre—$5,500.00; (10) Wilhelm Pereira—$29,540.00; (11) Oscar Perez—$31,593.00; (12) George Powell—$15,530.00; (13) Francisco Rengifo—$62,235.00; (14) Errol Robinson—$2,510.00; and (15) Anousheh Sarfaraz—$2,500.00.

Plaintiffs argue that because they accepted offers of judgments for their FLSA overtime wage claims, they are the prevailing parties and entitled to costs in the amount of $39,414.44 for: (1) clerk and marshal fees; (2) copy costs; (3) deposition fees; and (4) docket fees. Additionally, Plaintiffs seek interest on all costs awarded from the date of the judgments, May 11, 2007. Defendants, on the other hand, contend that Plaintiffs should be denied costs because Plaintiffs engaged in misconduct and their status as the prevailing party is dubious. Alternatively, Defendants argue that Plaintiffs are not entitled to the specific costs demanded. With reference to their assertions of misconduct, because Defendants repeatedly incorporate and refer to their separate motion for sanctions, the Court shall address the allegations of misconduct in its separate order regarding attorneys' fees.

## II. Legal Analysis

■ Federal Rule of Civil Procedure 54(d) provides that the prevailing party is entitled to costs as a matter of course, while 28 U.S.C. § 1920 enumerates the costs that maybe taxed. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced. *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001). A district court has discretion to deny a prevailing party costs, however, such discretion is not unfettered. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995). Where the district court denies the prevailing party its costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the district court acted within its discretionary power. *Id.*

### (a). Prevailing Party

■ Defendants' first argument is that Plaintiffs should be denied costs because their prevailing party status is "questionable." In support of this position, Defendants contend Plaintiffs only obtained a "nominal" victory because their initial demands at the outset of the litigation were much greater than what they were eventually awarded. Specifically, Defendants assert that Plaintiffs initially sought approximately $15 million but eventually accepted approximately $300,000.00.

---

**2.** Eight of the Plaintiffs are also involved in a lawsuit against the same Defendants for retaliation under the FLSA. *See Perez v. Carey International, Inc.*, Case No. 06–22225–Civ–Seitz/McAliley ("*Perez*").

**3.** The Court severed and compelled eight Plaintiffs to arbitration on November 15, 2006, and their claims remain pending. (*See* DE 240.)

The Supreme Court has held that a party is a "prevailing party" if the party prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (internal citations and quotations omitted). Under the law governing attorneys' fees and costs, "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs*, 1998 WL 776848, at *1 (M.D.Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

Defendants offer only one case in support of their argument that Plaintiffs are not the prevailing party, *Richmond v. Southwire Co.*, 980 F.2d 518 (8th Cir.1992). In *Richmond*, the jury awarded the plaintiffs nominal damages of $1.00 and their attorneys, based on this award, moved for costs in the amount of $13,900.00. The district court denied plaintiffs motion and the Eighth Circuit affirmed stating that an "award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Richmond*, 980 F.2d at 520.

Here, while Plaintiffs actual judgments may only be a fraction of the originally sought amount, the fact that Plaintiffs obtained $300,000 for their clients is hardly a "nominal" victory in contrast to the $1 judgment in *Richmond*. Thus, Plaintiffs'

status as the "prevailing party" is not in doubt.

### (b). The Costs Plaintiffs Seek

Plaintiffs seek a total of $39,414.44 plus interest from May 11, 2007 for four different types of costs: (1) Clerk and Marshal fees [$1,700.00]; (2) copy costs [$10,447.97]; (3) deposition costs [$27,016.47];[4] and (4) docket fees [$250.00]. Defendants argue generally that Plaintiffs have improperly included costs to which they are not entitled.

### 1. Fees of the Clerk and Marshal

Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. This includes service of process costs for the complaint, as well as deposition and trial subpoenas. Although § 1920(1) specifically mentions the term "marshal," the Eleventh Circuit has held service by a private process server to be compensable, provided that their rates do not exceed the cost of having the U.S. Marshals Service effectuate service. *EEOC v. W & O Inc.*, 213 F.3d 600, 623–24 (11th Cir.2000)("*W & O* "). When the U.S. Marshals serve process, their rate is $45 per hour for each item served, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(3).

Plaintiffs ask for a total of $1,700.00 for the costs of serving the complaint and witness subpoenas on several entities and individuals totaling 23 services that exceed the proscribed maximum rate of $45, nine services at $36 and eleven services at $31. Costs sought by Plaintiffs and the amount recoverable are as follows:[5]

---

4. The total amount of $27,016.47 is made up of $26,016.47 for deposition transcripts, $200.00 for attendance fees and $800 for witness trial fees.

5. For those amounts in excess of $45.00, Plaintiffs only seek $45.00.

| Service of the Complaint: | Amount Requested | Amount Allowed |
|---|---|---|
| 1. Carey International | $ 60.00 ~ $45.00 | $ 35.00 |
| 2. Vince Wolfington | $ 425.00 ~ $45.00 | $ 45.00 |
| 3. Carey Limousine Florida | $ 110.00 ~ $45.00 | $ 0.00 |
| 4. Carey International | $ 130.00 ~ $45.00 | $ 0.00 |
| *Total Allowed—Complaint Service:* | | $ 80.00 |
| **Service of Deposition Subpoenas:** | | |
| 5. Virgin Atlantic | $ 125.00 ~ $45.00 | $ 45.00 |
| 6. Aubrey Collier | $ 220.00 ~ $45.00 | $ 45.00 |
| 7. Aubrey Collier | $ 349.50 ~ $45.00 | $ 0.00 |
| 8. Danny Troyano | $ 158.00 ~ $45.00 | $ 0.00 |
| 9. Reggi Rizvi | $ 70.00 ~ $35.00 | $ 35.00 |
| 10. Hernan Zapata | $ 50.00 ~ $25.00 | $ 25.00 |
| 11. Mark Christiana | $ 230.00 ~ $45.00 | $ 45.00 |
| 12. Michael Mahoney | $ 204.50 ~ $45.00 | $ 45.00 |
| 13. Juan Ripoll | $ 150.00 ~ $45.00 | $ 0.00 |
| 14. Jay Feffer | $ 60.00 ~ $45.00 | $ 0.00 |
| 15. David Nazem | $ 60.00 ~ $45.00 | $ 0.00 |
| 16. Steve Richardson | $ 31.00 | $ 0.00 |
| 17. Devin Murphy | $ 50.00 ~ $45.00 | $ 0.00 |
| 18. Michael Kastelic | $ 36.00 | $ 0.00 |
| 19. Danny Troyano | $ 50.00 ~ $45.00 | $ 0.00 |
| *Total Allowed—Deposition Subpoenas:* | | $240.00 |
| ***Service of Trial Subpoenas:*** | | |
| 20. Olga Gutescu | $ 31.00 | $ 31.00 |
| 21. Michael Campanile | $ 62.00 ~ $45.00 | $ 31.00 |
| 22. Robert Hamman | $ 122.00 ~ $45.00 | $ 45.00 |
| 23. Larry Procaccini | $ 81.00 ~ $45.00 | $ 0.00 |
| 24. Mike Sobol | $ 31.00 | $ 31.00 |
| 25. Myron Lieberman | $ 36.00 | $ 36.00 |
| 26. Syed Rizvi | $ 36.00 | $ 36.00 |
| 27. Kleber Llanez | $ 36.00 | $ 0.00 |
| 28. Carlos Velez | $ 36.00 | $ 0.00 |
| 29. Michael Mahoney | $ 31.00 | $ 0.00 |
| 30. Philip Buglino | $ 31.00 | $ 31.00 |
| 31. Steve Richardson | $ 31.00 | $ 31.00 |
| 32. Danny Troyano | $ 31.00 | $ 0.00 |
| 33. Ramior Campins | $ 31.00 | $ 0.00 |
| 34. Maria Perez | $ 31.00 | $ 0.00 |
| 35. Michael Garcia | $ 31.00 | $ 31.00 |
| 36. Arturo Liz | $ 31.00 | $ 0.00 |
| 37. Michael Walters | $ 31.00 | $ 36.00 |
| 38. Rodney Walker | $ 31.00 | $ 0.00 |
| 39. Vince Wolfington | $ 140.00 ~ $45.00 | $ 45.00 |
| 40. Rigoberto Vargas | $ 86.00 ~ $45.00 | $ 45.00 |
| 41. Vicki Graves | $ 86.00 ~ $45.00 | $ 45.00 |
| 42. Steve Savidge | $ 94.00 ~ $45.00 | $ 45.00 |
| 43. Derek Chambers | $ 36.00 | $ 0.00 |
| 44. Richard Meyers | $ 36.00 | $ 0.00 |
| *Total Allowed—Trial Subpoenas:* | | $519.00 |
| **TOTALS: REQUESTED** | $1,700.00 **ALLOWED** | $839.00 |

## A. Costs for Service of Process of Complaint

■ With regard to the service of process and subpoena costs, Defendants first contend that they are not liable for the $180.00 in fees incurred for service upon themselves because Plaintiffs did not attempt to save the costs of the service of the lawsuit even though the parties were discussing pre-litigation settlement efforts. While Defendants cite Fed.R.Civ.P. 4(d) for the proposition that parties to an action have a duty to save costs of service, they provide no legal authority stating that Plaintiffs are obligated to use the waiver process outlined in the Rule. In fact, Plaintiffs are not obliged to use the waiver

procedure under Rule 4(d). *See Budget Rent A Car Sys. v. Miles*, 2005 WL 1106335, *3 (S.D.Ohio 2005) (holding that the waiver procedure under Rule 4(d) is permissive). Thus, Defendants must pay these costs.[6]

■ With regard to service on Defendant Carey International, Inc., however, the Accurate Support Services invoice states that the vendor charged Plaintiffs $35.00 for service and $25 as a priority fee. (Plaintiffs' Motion, Exh. 1.) Because Plaintiffs are not entitled to "priority fees," the Defendants must only pay $35 with regard to Carey International. *See James v. Wash. Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D.Fla.2007) (holding that "rush fees" are not compensable).[7] Additionally, Plaintiffs are entitled to $45 for service on Vince Wolfington because Plaintiffs were charged $50 for such service. Plaintiffs acknowledge in their Reply that recovery of costs for service on Defendants in the *Perez* action is not appropriate in this case, thus, Defendants are not responsible for the $90 sought for service on Carey Lim-

ousine Florida and Carey International in September 2006.[8]

For the remaining costs for service of process of the Complaint, Plaintiffs are entitled to the cost of the service of process, not including any priority fees. Thus, Defendants are responsible for costs for service of process totaling $80.

### B. Costs for Service of Subpoenas for Deposition

■ With regard to costs associated with the service of deposition subpoenas, Plaintiffs seek a total of $652.00 for service on Virgin Atlantic, and 12 individuals: (1) Aubrey Collier;[9] (2) Danny Troyano;[10] (3) Reggie Rizvi; (4) Hernan Zapata; (5) Mark Christiana; (6) Michael Mahoney; (7) Juan Ripoll; (8) Jay Feffer; (9) David Nazem; (10) Steve Richardson; (11) Devin Murphy; and (12) Michael Kastelic.

Defendants do not dispute the costs of service upon Virgin Atlantic Airways Ltd. ($45.00), (3) Reggie Rizvie ($35.00), (4) Heman Zapata ($25.00), (5) Mark Christiana ($45.00), or (6) Michael Mahoney ($45.00).[11]

---

6. While the waiver procedure is permissive, when opposing counsel is known prior to filing suit, it would behoove counsel to promote the spirt and letter of Rule 1 of the Federal Rules of Civil Procedure by seeking to waive formal service before incurring service fees.

7. Plaintiffs argue that since they are entitled to "travel costs and out-of-pocket expenses," they should be able to recoup "priority fees." However, as recognized in *James*, "rush fees" are not compensable and Plaintiffs provide no evidence of any other travel costs or out-of-pocket expenses incurred by the private process server.

8. Defendants argue that they are not responsible for the attempted service on Carey International through service on Mike Sobol because he was not the registered agent of Carey International at that time. They further state that Plaintiffs actually served Perry Register who worked for Carey South Florida at the time. Defendants state that they elect-

ed not to increase costs of litigation by challenging the service, but argue that they should not be required to compensate Plaintiffs for the improper service. However, Plaintiffs' two attempts to serve Defendants via the wrong person, ultimately resulted in service upon Defendants which could have been avoided if Defendants had offered to accept service or advise Plaintiffs as to the correct person to serve. Therefore, the discussion of the technical aspects of the service at this juncture is inappropriate. Plaintiffs will be allowed to recoup for service of the Complaint on Carey International.

9. Plaintiffs seek to recover twice for serving a subpoena on Aubrey Collier.

10. Plaintiffs seek to recover twice for serving a deposition subpoena on Danny Troyano.

11. Defendants articulate no reason to deny costs associated with serving these witnesses, yet such costs are not included in what ap-

The costs associated with service upon (10) Steve Richardson, (11) Devin Murphy and (12) Michael Kastelic are a part of the *Perez* action, and therefore, are not recoverable in this action.

With respect to (1) Aubrey Collier, Defendants argue that Plaintiffs improperly seek costs for two services upon Mr. Collier. Plaintiffs argue that the costs for both services are recoverable because there are two Aubrey Colliers and it could not be determined which one was the right one. Defendants shall not be responsible for the lack of diligence in determining which individual to serve, thus, Plaintiffs may only recover once for service on the relevant individual.

█ With regard to costs associated with (2) Danny Troyano, Defendants argue that such costs are not recoverable because Plaintiffs never achieved service on Mr. Troyano. The Court's Order Following November 6, 2006 Discovery hearing expressly denied Plaintiffs' motion to compel the deposition of Danny Troyano. Thus, service on Mr. Troyano was not necessary and Plaintiffs cannot recover for the costs associated with it Moreover, Plaintiffs may not recover for the cost of service upon the process server, (7) Juan Ripoll, to testify as to the failure of service of Mr. Troyano.

█ Defendants also argue that Plaintiffs' attempt to recover costs for service on (8) Jay Feffer and (9) David Nazem is invalid because Defendants agreed to produce these witnesses without a subpoena before the attempted service. Additionally, Defendants state that Plaintiffs improperly attempted to serve these witnesses by serving Defendants' counsel, Patricia Thompson, who had not agreed to accept such service. Because Mr. Nazem and Mr. Feffer were never properly served, Plaintiffs may not recover costs for service upon them.

In summary, with respect to costs of service for depositions, Plaintiffs are entitled to recover for service upon Virgin Atlantic Airways Ltd., and witnesses (1) Collier, (3) Rizvie, (4) Zapata, (5) Christiana and (6) Mahoney. Such costs total $240.00.

## C. Costs for Service of Trial Subpoenas

█ In order to recover subpoena costs for witnesses who did not ultimately testify at trial, the witnesses must have been reasonable and necessary. *See George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D.Fla.2000) (disallowing costs for service fees for witnesses who were not reasonably necessary for trial). Plaintiffs seek a total of $913.00 for serving trial subpoenas on 25 individuals.[12] These individuals include: (1) Olga Gutescu; (2) Michael Campanile; (3) Robert Hamman; (4) Larry Procaccini; (5) Mike Sobol; (6) Myron Lieberman; (7) Syed Reggie Rizvi; (8) Kleber Llanez; (9) Carlos Velez; (10) Michael Mahoney; (11) Philip Buglino; (12) Steve Richardson; (13) Danny Troyano; (14) Ramior Campins; (15) Maria Perez; (16) Michael Garcia; (17) Arturo Liz; (18) Michael Walters; (19) Rodney Walker; (20) Vince Wolfington; (21) Rigoberto Vargas; (22) Vicki Graves; (23) Steve Savidge; (24) Derek Chambers; and (25) Richard Meyers. Defendants do not dispute the costs associat-

---

pears to be the recoverable costs column in Exhibit C to their Response. (*See* DE 497, Exh. C.) Because Defendants have not stated a reason for precluding recovery of such costs, they shall be recoverable.

12. The $913.00 figure is arrived at by capping the service fee charge at $45 per service and totaling those associated with the 25 witnesses.

ed with witnesses Gutescu, Sobol, Lieberman and Buglino.

For the reasons stated above, Defendants are not liable for the costs of service associated with Danny Troyano. Additionally, pursuant to the Court's Order Appointing Special Master Robert Weisberg,[13] the parties met and conferred with the Special Master in an attempt to eliminate unnecessary witnesses from Plaintiffs witness list. As a result of this process, witnesses Mahoney, Campins, Procaccini, Llanez, Velez, Perez, Liz, Walker, Chambers, and Meyers were removed from Plaintiffs' witness list as unnecessary or duplicative. Thus, Plaintiffs may not recover for the costs of serving these ten witnesses.

Defendants also argue that Plaintiffs should not be entitled to trial service costs associated with witnesses Campanile, Rizvi, Richardson, Garcia, Walters, Savidge and Vargas because they had similar positions, and therefore, their testimony would be duplicative.[14] However, these witnesses were listed in the initial disclosures and thus are presumed necessary unless there is evidence to the contrary. Based on the record, the Court is unable to ascertain the exact nature of these witnesses' testimony, and therefore, Plaintiffs shall be permitted to recover costs for service upon these seven witnesses.

Finally, Defendants seek to exclude costs for witnesses Graves, Hamman, Walters, Wolfington, and Savidge because Plaintiffs had planned for those witnesses to appear by deposition only. Plaintiffs argue, however, that they only submitted deposition designations for those witnesses they believed to be outside the Court's 100–mile radius, and that they preferred to have live witnesses. The Court shall allow these costs.

Thus, with regard to costs of service for trial, Plaintiffs may recover for costs associated with witnesses Gutescu ($31.00), Campanile ($31.00), Hamman ($45.00), Sobol ($31.00), Lieberman ($36.00), Rizvi ($36.00), Buglino ($31.00), Richardson ($31.00), Garcia ($31.00), Walters ($36.00), Wolfington ($45.00), Vargas ($45.00), Graves ($45.00), and Savidge ($45.00). Such costs total $519.00.

### 2. Copy Costs

 Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *See Desisto College, Inc. v. Howey–in–the–Hills,* 718 F.Supp. 906, 913 (M.D.Fla.1989) (holding that copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration were recoverable costs). In evaluating copying costs, a court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue. *EEOC,* 213 F.3d at 623. The burden of establishing entitlement to photocopying expenses lies with the prevailing party. *Scelta v. Delicatessen Support Servs.,* 203 F.Supp.2d 1328, 1339 (M.D.Fla.2002) (citation omitted).

---

**13.** Plaintiffs' initial witness list submitted in preparation for trial included 91 witnesses, many of whom were neither relevant or necessary. (*See* DE 338.) In fact, the witness list appeared to be that from another case involving the same Plaintiffs' counsel and was not at all altered to fit the facts of this case. In an attempt to ensure this case was adequately prepared for trial, the Court appointed a Special Master who was specifically tasked with removing irrelevant or cumulative witnesses and exhibits.

**14.** Defendants also include witnesses Troyano, Perez, and Liz. However, because the costs associated with these witnesses have already been excluded, it is not necessary to address them in this section.

Plaintiffs seek total copy costs of $10,447.97. Defendants argue that Plaintiffs have not supported their request with specific invoices, their charge per page rate is too high, and they have included extra charges for such things as delivery and labeling. Thus, Defendants argue that Plaintiffs are entitled to, at most, $6,002.14. The first step in determining the applicable copy costs is to determine the applicable rate to assign to each copy. In the recent *James* decision, in circumstances substantially similar to that in this case, Judge Dimitrouleas determined that rates of $.15 and $.19 per copy were unnecessarily high. *James*, 242 F.R.D. at 652. Referencing the Southern District of Florida decision in *Mitchell v. Osceola Farms, Co.*, Case No. 05–80825–Civ–Cohn (S.D.Fla. Mar. 29, 2007) which did a survey of photocopying rates in this district, Judge Dimitrouleas determined that $.10 per copy is appropriate. *See id.* This Court agrees.

Next, Plaintiffs' substantiation and description of their photocopying expenses consists of the firm's billing invoices from various printing centers which merely state "copies." (*See* DE 99, Exh. 2.) Missing from the billing records is any description of the nature or purpose of the photocopying. *See Scelta*, 203 F.Supp.2d at 1340 (citing *Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins., Co.*, 143 F.R.D. 292, 300 (N.D.Ga.1991)) (explaining that the party seeking to recover photocopy costs must come forward with evidence showing the nature of the documents copied and how they were used). While an exact itemized identification of each photocopy is unrealistic, Plaintiffs have provided absolutely no way to discern what are recoverable copying costs from what are general photocopying expenses. *See id.* (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996)) (stating that a prevailing party may not recover for general photocopying).[15]

Without any substantiation for the copying fees, the Court has no basis upon which to conclude how much is recoverable, and therefore, could reasonably deny Plaintiffs all photocopying costs. However, understanding that Plaintiffs necessarily did incur some amount of photocopying costs necessary to the prosecution of this action, the Court shall allow Plaintiffs the amount to which Defendants agreed, $6,002.14.

### 3. Witness Deposition/Attendance Fees

 Taxation of deposition costs is authorized by § 1920(2). Though § 1920(2) does not specifically mention a deposition, depositions are included by implication in the phrase "stenographic transcript." *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963).[16] Whether deposition costs are taxable depends on the factual question of whether the deposition was "necessarily obtained for use in the case." *W & O*, 213 F.3d at 620–21 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir.1981)). The burden is on the party opposing taxation to demonstrate that the depositions were not "related to an issue which was present in the case at the time the deposition was taken." *Id.* at 621 (quoting *Independence*

---

**15.** The Court also finds that costs associated with delivery and labeling are not recoverable costs. *See Scelta*, 203 F.Supp.2d at 1339 (holding that costs for couriers, postage, search services, office supplies and secretarial services are not compensable under § 1920).

**16.** All decisions of the former Fifth Circuit rendered prior to October 1, 1981 serve as binding precedent on the current Eleventh Circuit *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981).

*Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 718 (N.D.Ill.1982)); *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982) ("a deposition taken within the proper bounds of discovery ... will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged.").

### A. Transcript Fees

 Plaintiffs seek to recover transcript fees associated with 26 witnesses and two hearings. Defendants challenge the transcript fees associated with depositions of the following witnesses: (1) Rizvi; (2) Zapata; (3) Mahoney; (4) Christiana; (5) Collier; (6) Feffer; and (7) Nazem.[17] The Court shall address the costs associated with each of these witnesses in turn.[18]

First, Defendants argue that they should not be liable for the deposition costs for witnesses Mahoney or Christiana because Plaintiffs voluntarily removed these witnesses from their witness list as a result of a hearing with the Special Master. As stated above, the Court charged the Special Master with "eliminating irrelevant or cumulative evidence." In furtherance of this charge, the Special Master suggested, and Plaintiffs acquiesced, that witnesses Mahoney and Christiana be eliminated from their witness list. Thus, based on these facts, the Court finds that witnesses Mahoney and Christiana were not necessary for the prosecution of this case.[19]

Next, Defendants contend that under the holding in *James*, Plaintiffs should not be able to recover transcript fees associated with the depositions of witnesses Rizvi, Zapata and Collier because such witnesses were not identified in the initial Rule 26 disclosures.[20] In *James*, Judge Dimitrouleas stated that, while not dispositive of the issue, the costs of a deposition transcript of a witness appearing on the losing party's witness list is generally reasonable because "the listing of those witnesses indicates both that the party might need the deposition transcript to cross-examine the witnesses ... and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.' " *James v. Wash. Depot Holdings, Inc.*, 242 F.R.D. at 650 (citing *W & O*, 213 F.3d at 621.) While *James* holds that the costs of deposition transcripts of witnesses who *were* listed on the Rule 26 disclosures are generally reasonable, it is silent about whether such costs for witnesses who were not listed on the disclosures, yet identified on the final witness list, are recoverable. Thus, Defen-

17. Defendants also challenge Plaintiffs' request for transcript fees associated with the scheduling conference and the hearing on Defendants' motion to dismiss.

18. Plaintiffs are entitled to recover $20,702.15 in costs associated with the following witnesses as Defendants did not offer a valid objection: (1) Majane, (2) Murphy, (3) Akelle, (4) Sobol, (5) Baker, (6) Alba, (7) Robinson, (8) Mazzeo, (9) McIntyre, (10) Loizaro, (11) Rengifo, (12) Powell, (13) Donahay, (14) Sarfaraz, (15) Betancourt, (16) Maksimcev, (17) Humphreys, (18) Kralovic, (19) Periera, and (20) Perez.

19. Although Defendants failed to include him in their papers, David Nazem was also removed from the witness list as a result of the hearing with the Special Master. (*See* DE 432.) Thus, Plaintiffs are precluded from recovering costs associated with his deposition.

20. Defendants also argue that the transcript costs for witnesses Mahoney and Nazem should be excluded on these grounds. Because such costs have already been excluded, the Court need not consider these costs again.

dants have not demonstrated that the depositions of witnesses Rizvi, Zapata and Collier were unnecessary, and therefore, they are liable for their respective transcript costs.[21]

Additionally, Defendants contend that the cost of witness Feffer's deposition transcript is not recoverable because the deposition transcript invoice includes both his and Nazem's testimony, and therefore, Plaintiffs failed to provide a breakdown of the deposition transcript for each deponent. A review of the invoice reveals that it is impossible to ascertain how much was paid for Feffer's deposition transcript, thus, costs shall be denied. (*See* DE 486, Exh. 3 at 83.)

Finally, with respect to witness Akelle, Defendants make general allegations that Plaintiffs' counsel improperly and unnecessarily extended the length of his deposition. However, Defendants have not given the Court any data to determine what amount, if any, should be deducted from the deposition transcript costs as a result of such alleged actions. Therefore, the costs of Akelle's depositions shall be recoverable.

In summary, Plaintiffs are permitted to recover transcript fees for the following witnesses: (1) Majane ($777.00); (2) Murphy ($1,376.50); (3) Akelle ($681.40); (4) Sobol ($2,074.10); (5) Baker ($1,060.25); (6) Alba ($931.74); (7) Robinson ($762.15); (8) Mazzeo ($999.95); (9) McIntyre ($1,025.55); (10) Loizaro ($640.55); (11) Rengifo ($1,142.95); (12) Powell ($1,421.75); (13) Donahay ($845.35); (14) Sarfaraz ($1,491.75); (15) Betancourt ($886.95); (16) Maksimcev ($1,043.75); (17) Humphreys ($688.55); (18) Kralovic ($934.95); (19) Periera ($1,295.95); (20) Perez ($622.40); (21) Rizvi ($697.70); (22) Zapata ($810.75); and (23) Collier ($233.25). Such transcript costs total $22,442.24.

### B. Deposition/Trial Attendance Fees

■ Next, Plaintiffs seek to recover total fees of $1,000.00 in costs relating to deposition attendance fees relating to witnesses Mahoney, Rizvi, Zapata, Christiana and Collier and trial attendance fees associated with 20 witnesses[22]. A witness who appears before a federal court "or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" is entitled to fees and allowances, including "an attendance fee of $40 per day for each day's attendance." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir.1996) (citing 28 U.S.C. § 1821(a)(1) & (b) (1994)). Plaintiffs have not submitted any receipt, invoice or other record identifying any payments to the witnesses. Plaintiff refers the Court to Exhibit 1 for such costs, however, Exhibit 1 includes the invoices associated with the subpoena service used in serving the witnesses, not any purported attendance fees. However, notwithstanding the lack of evidence of the payments, Defendants appear to concede

---

**21.** Plaintiffs also seek recovery for costs ($129.47) associated with the transcripts for two Court hearings: scheduling conference and hearing on motion to dismiss. Plaintiffs, however, have offered no factual or legal support indicating why they are entitled to such costs, and therefore, such recovery is denied.

**22.** In their application, Plaintiffs label the fees for the 20 witnesses as trial subpoena witness fees. However, it is unclear what these fees are actually for as Plaintiffs have not directed the Court to the specific supporting documentation. Moreover, because Plaintiffs sought costs for trial subpoena fees in a separate part of the application, such costs cannot be witness subpoena fees. It appears that given the amount sought of $40 per witness, which is the amount sought by Plaintiffs for witness attendance at depositions, Plaintiffs are asking for trial witness fees.

that Plaintiffs are entitled to $400 for trial witness fees. Therefore, the Court shall award this amount.

### 4. Docket Fees

Pursuant to § 1920(5), prevailing parties are entitled to docket fees. Thus, Plaintiffs may also recover their docket fees in the amount of $250.

### 5. Interest on Costs

██ Plaintiffs argue that they are entitled to interest from the date of the Court's final judgments—May 11, 2007—on any costs taxed by the Court. In support of this argument, Plaintiffs cite to *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("*Georgia*") and quotes the court as holding that "[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Id.* at 799. Plaintiffs' papers fail to note that in *Georgia,* the court was referring to the original *cost* judgment not to the original judgment on liability. Thus, Plaintiffs should be awarded interest from the date any cost judgment is awarded, not the date the final judgments issued.

### III. Conclusion

For the reasons set forth herein, it is hereby

ORDERED that

(1) Plaintiffs' Verified Motion for Taxation of Costs [DE 485] is GRANTED IN PART AND DENIED IN PART.

(2) Plaintiffs are entitled to recover $29,933.38 in costs from Defendants.